**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR-19-08059-01-PCT-SPL |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Denny Yazzie, Jr., ) | |
| Defendant. ) | |

The Court has received Defendant Denny Yazzie, Jr.'s *pro se* Motion to Compel Production of Grand Jury Material ("Motion"). (Doc. 58) There has been no response from the government.

Defendant seeks relief pursuant to Fed. R. Crim. P. ("Rule") 6(e)(3) requesting the Court compel the government to produce certain materials from the grand jury proceedings in the case. (Doc. 58 at 1)

**I.     BACKGROUND**

On March 26, 2019, Defendant was indicted by a grand jury on two counts of violating 18 U.S.C. §§2251(a) and (e) and 2256, Production of Child Pornography; one count of violating 18 U.S.C. §§ 2252(a)(2) and (b)(1) and 2256 Distribution of Child Pornography; one count of violating 18 U.S.C. §§ 2252(a)(2) and (b)(1) and 2256, Possession of Child Pornography; and one count of violating 18 U.S.C. §§ 1153, 2244(a)(3) and 2246, Abusive Sexual Contact with a Minor, Indian Country. (Doc. 17 at 1) He initially pled not guilty on all counts. (Doc. 18)

On October 21, 2019, Defendant changed his plea to guilty on all counts. (Docs. 55 at 1, 56 at 1) He was sentenced to a term of three hundred and sixty (360) months, consisting of three hundred and sixty (360) months on Counts 1 and 2, two hundred forty months (240) on Counts 3 and 4, and twenty-four (24) months on Count 5, all running concurrently. (Doc. 56 at 1) He is currently serving said sentence.

## II.  LEGAL STANDARD

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) permits a court to order disclosure of matters occurring before a grand jury "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." "A trial judge should order disclosure of grand jury transcripts only when the party seeking them has demonstrated that a particularized need exists . . . which outweighs the policy of secrecy." *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (citation omitted) (emphasis added). Particularized need must be based on more than mere speculation. *See id.* at 857.

"A request for grand jury information is within the sound discretion of the Court." *United States v. Johnston*, No. CR-03-1167-PHX-DGC, 2006 WL 276937, at *1 (D. Ariz. Feb. 3, 2006) (citing *Walczak*, 783 F.2d at 857). The burden is on the defendant to show that disclosure of grand jury transcripts is appropriate. *See Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959).

## III.  DISCUSSION

Defendant's Motion is denied because it is based purely on speculation. To obtain grand jury materials, the Ninth Circuit requires more than "mere speculation" to overcome the policy of grand jury secrecy. *See. Walczak*, 783 F.2d at 857 (denying a motion for grand jury transcripts because defendant did not allege specific facts supporting his motion, making his motion speculative); *United States v. Urena-Villa*, No. CR1701860TUCCKJBGM, 2018 WL 3439824, at *3 (D. Ariz. July 17, 2018), *report and recommendation adopted*, No. CR171860TUCCKJBGM, 2018 WL 3744975 (D. Ariz. Aug. 6, 2018) (denying grand jury transcripts because "mere speculation that improprieties

occurred before the grand jury is inadequate to establish a particularized need"). Further, this Court has held that a "desire to have the grand jury transcripts as a discovery tool to help [a defendant] prepare a motion to dismiss the indictment does not constitute a particularized need that outweighs the policy of secrecy." *Johnston*, 2006 WL 276937, at *1 (citing *Walczak*, 783 F.2d at 857) (affirming denial of a motion to discover grand jury transcript because the defendant failed to show a "particularized need" where he merely speculated that false testimony of law enforcement officers was presented to the grand jury); *Goldstein v. City of Long Beach*, 603 F. Supp. 2d 1242, 1254 (C.D. Cal. 2009) ("A generalized desire for discovery needed to prove one's case does not constitute the requisite showing of particularized need.").

Here, Defendant states he will file a motion to dismiss the indictment "on numerous grounds." (Doc. 58 at 2) He includes general allegations about prosecutorial misconduct, but he alleges no specific facts to show a particularized need to discover the requested grand jury material. Furthermore, the Defendant has failed to exhaust all administrative remedies.

Therefore,

**IT IS ORDERED denying** Defendant's Motion to Compel Production of Grand Jury Material. (Doc. 58)

Dated this 9th day of August, 2021.

Honorable Steven P. Logan
United States District Judge